**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KING SOLOMON SEALS-ALLAH,<br><br>Plaintiff,<br><br>v.<br><br>ALL CHURCHES OF THE STATE AND THE SOCIAL COMMUNITY WITHIN THE WHOLE STATE OF MISSOURI,<br><br>Defendant. | ) | No. 4:26-cv-00945-ACL |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff King Solomon Seals-Allah brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. [Doc. 2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for frivolity and failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Plaintiff's Background and Filing Fee Status**

Although Plaintiff currently resides at a long-term psychiatric nursing facility in St. Louis, Missouri, [*see* doc. 1-2], Plaintiff is well-known to the Court as a frequent filer during his incarceration with the Missouri Department of Corrections. [*See* Doc. 1 at 2 (where Plaintiff describes himself as "released from incarceration 11/17/2020")]. Plaintiff filed numerous cases

with this Court between 2012 and 2019, and even earlier with the United States District Court for the Western District of Missouri. *See infra* notes 2 & 3. Plaintiff has filed cases under various names including "Solomon Seals," "King Solomon Seals," and "Solomon Seals-Supalus." *Id*. In many of these cases, Plaintiff describes himself as "The Sultan or Allah himself," "The Prophet Noble Drew Ali," and "The Adept Chamber of the M.S.J. of a 3rd Heaven." [Doc. 1 at 1-2, 11].

While incarcerated, many of Plaintiff's cases were dismissed under the Prison Litigation Reform Act's "three strikes" provision of 28 U.S.C. § 1915(g). [*See* Doc. 1 at 8 (Plaintiff admits that he has had cases dismissed under the three strikes rule)]. Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. As of 1997, the United States District Court for the Western District of Missouri determined that, pursuant to 28 U.S.C. § 1915(g), Plaintiff could not proceed *in forma pauperis* in an action.[1] Furthermore, in this Court, Plaintiff has filed over twenty separate cases in which he was denied *in forma pauperis* status on the basis of § 1915(g).[2]

---

[1] *See Seales v. Groose*, No. 2:97-CV-4011-NKL (W.D. Mo. Jan. 16, 1997) (dismissed Mar. 17, 1997); *Seales v. Groose*, No. 2:97-CV-4126-SOW (W.D. Mo. May 1, 1997) (dismissed July 2, 1997); *Seals v. Groose*, No. 2:98-CV-4069-SOW (W.D. Mo. Mar. 19, 1998) (dismissed May 20, 1998); *Seals v. Kemna*, No. 2:98-CV-4133-NKL (W.D. Mo. May 27, 1998) (dismissed July 29, 1998); *Seals v. Adept Chamber of Moorish Science*, No. 2:98-CV-4162-NKL (W.D. Mo. June 24, 1998) (dismissed Aug. 21, 1998); *Seals v. Kemna*, No. 2:98-CV-4208-SOW (W.D. Mo. Aug. 21, 1998) (dismissed Nov. 3, 1998); *Seales v. Purkett*, No. 2:99-CV-4043-NKL to No. 2:99-CV-4050-NKL (W.D. Mo. Mar. 2, 1999) (dismissed Apr. 19, 1999); and *Seales v. Jeff. City Corr. Ctr.*, No. 2:99-CV-4210-NKL (W.D. Mo. Aug. 18, 1999) (dismissed Oct. 29, 1999).

[2] *See Seales v. Adams*, No. 4:12-CV-920-AGF (E.D. Mo. May 18, 2012) (dismissed June 1, 2012); *Seales v. Cir. Ct. of St. Louis County, Mo.*, No. 4:12-CV-1004-NAB (E.D. Mo. June 1, 2012) (dismissed June 6, 2012); *Seales v. Warden of PCC*, No. 4:12-CV-1096-NAB (E.D. Mo. June 18, 2012) (dismissed June 26, 2012); *Seales v. Gravett*, No. 4:12-CV-1139-JAR (E.D. Mo. June 21, 2012) (dismissed July 2, 2012); *Seales v. Gilmer*, No. 4:12-CV-1149-ERW (E.D. Mo. June 25, 2012) (dismissed July 5, 2012); *Seales v. Landrum*, No. 4:12-CV-1181-CAS (E.D. Mo. June 27, 2012) (dismissed July 16, 2012); *Seales v. Each Psychologist at PCC*, No. 4:12-CV-1186-CDP (E.D. Mo. June 27, 2012) (dismissed July 23, 2012); *Seales v. Mo. State Prob. and Parole*, No. 4:12-CV-1781-CDP (E.D. Mo. Oct. 1, 2012) (dismissed Oct. 17, 2012); *Seales v. Nixon*, No. 4:12-CV-1829-CAS (E.D. Mo. Oct. 5, 2012) (dismissed Oct. 16, 2012); *Seales v. U.S. Dist. Ct., E. Dist. of Mo.*, No. 4:12-CV-2084-FRB (E.D. Mo. Nov. 5, 2012) (dismissed Nov. 20, 2012); *Seales v. Warden of PCC*, No. 4:12-CV-2237-NAB (E.D. Mo. Nov. 28, 2012) (dismissed Dec. 10, 2012);

However, because Plaintiff is no longer incarcerated, the three-strikes rule does not bar him leave to proceed *in forma pauperis*. Based on the financial information provided in his motion to proceed without prepayment of fees and costs, Plaintiff lacks the funds to pay the filing fee in this matter. As such, the motion will be granted, and the filing fee will be waived. *See* 28 U.S.C. § 1915(a)(1).

**Plaintiff's Complaint and Exhibits**

Although Plaintiff is no longer incarcerated, he initiated this civil action on a Court-form for cases filed by prisoners seeking relief under 42 U.S.C. § 1983. [Doc. 1 at 1]. He appears to have named one (1) defendant in this matter: "All Churches & the State and the Social Community within the whole State of Missouri." [*Id.* at 1].

Plaintiff's allegations are difficult to follow and decipher. He begins by proclaiming his nationality, race, and nation as a "Moorish-American." [*Id.* at 11]. He then states that this lawsuit is "against the church, state, and the social community within the whole state of Missouri." According to Plaintiff, all churches are "undesirables" and their members are criminals, sinners, bootleggers, and moonshiners. He would like all the churches in Missouri "discontinued and closed down." [*Id.*] He also states that he is trying to leave his current living situation and return to where he was raised because he believes that he was "ordained" to live there for free. [*Id.* at 12].

---

*Seales v. Scaife*, No. 4:12-CV-2375-SNLJ (E.D. Mo. Dec. 21, 2012) (dismissed Jan. 3, 2013); *Seales v. Hiawatha*, No. 4:13-CV-373-SPM (E.D. Mo. Feb. 27, 2013) (dismissed Mar. 6, 2013); *Seales v. Reese*, No. 4:13-CV-1696-RWS (E.D. Mo. Aug. 23, 2013) (dismissed Sept. 11, 2013); *Seals v. Perkins*, No. 4:17-CV-2205-JCH (E.D. Mo. Aug. 3, 2017) (dismissed Aug. 7, 2017); *Seals v. Griffith*, No. 4:17-CV-2515-SNLJ (E.D. Mo. Oct. 2, 2017) (dismissed Oct. 5, 2017); *Seals v. Muslims*, No. 4:18-CV-1215-RWS (E.D. Mo. July 23, 2018) (dismissed Aug. 27, 2018); *Seals v. Christian Ministries of PCC*, No. 4:18-CV-1401-HEA (E.D. Mo. Aug. 22, 2018) (dismissed Aug. 27, 2018); *Seals v. N.A.A.C.P.*, No. 4:19-CV-809-SNLJ (E.D. Mo. Apr. 1, 2019) (dismissed July 1, 2019); *Seals v. Jones-Bey*, No. 4:19-CV-2237-JAR (E.D. Mo. July 25, 2019) (dismissed July 29, 2019); *Seals v. Potosi Correctional Center et al.*, No. 4:19-CV-2598-SPM (E.D. Mo. Sept. 19, 2019) (dismissed Sept. 23, 2019); and *Solomon v. Warden at NECC et al.*, No. 2:19-CV-82-ACL (E.D. Mo. Oct. 31, 2019) (dismissed Nov. 7. 2019).

Plaintiff has suffered "no injuries," but he asks the Court to get him an apartment for free, "acknowledge the fact that all churches are undesirables," and award him "zillions" of dollars, plus "all wealth, gold, silver and commerce, because [he is] the King." [*Id.* at 4-5, 13]. Finally, Plaintiff attached exhibits to his Complaint, including Court orders and printouts of internet search results, which have no clear relation to the allegations of this case. [Doc. 1-1].

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

*Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke,* 490 U.S. at 327). Allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *Id.* (quoting *Neitzke*, 490 U.S. at 325, 327, 328). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

**Discussion**

The Court has carefully reviewed and liberally construed Plaintiff's Complaint and concludes that none of the allegations state a plausible claim for relief. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner, setting out their alleged claims and the facts supporting those claims as to each defendant in a simple, concise, and direct manner. *See* Fed. R. Civ. P. 8, 10. Even self-represented litigants are obligated to abide by these Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, Plaintiff has not done so.

Plaintiff's Complaint fails to identify any facts which would give rise to any action against any defendant. Nowhere in the Complaint does Plaintiff set forth a short and plain statement of what he claims entitles him to relief as required by Rule 8 of the Federal Rules of Civil Procedure. Although the Court is to give Plaintiff's self-represented Complaint the benefit of a liberal construction, the Court will not create facts or construct claims. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for a self-represented plaintiff). Plaintiff has not provided any facts to support a valid legal claim against any defendant.

In addition, the Court finds that Plaintiff's claims lack an arguable basis in either law or fact, and are frivolous. Any possible legal claim seeking "zillions" of dollars based on Plaintiff's status as "the King" is clearly meritless. Plaintiff's factual allegations are "fanciful," "fantastic," and "delusional." *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. 319 (1989)). Thus, the Court will dismiss this action as frivolous and for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B). A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 3rd day of September, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE